# THE UNITED STATES DISTRICT COURT FOR
# WESTERN DISTRICT OF VIRGINIA

## Charlottesville Division

CHRISTOPHER MORGAN, individually and on behalf of a
class of all persons and entities similarly situated,

    Plaintiff,

vs.                                              Case No.: 3:17-cv-00085

U.S. XPRESS, INC.,

    Defendant.

## AMENDED CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Christopher Morgan brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance mass calling practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Defendant U.S. Xpress, Inc. sent Mr. Morgan and other putative class members prerecorded telephone calls without his consent.

3. Because the call to Mr. Morgan was transmitted using technology capable of generating thousands of similar calls per day, Mr. Morgan sues on behalf of a proposed nationwide class of persons who received illegal telephone calls from U.S. Xpress.

4. A class action is the best means of obtaining redress for the Defendant's illegal calling campaign, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Christopher Morgan resides in Gordonsville, Virginia. He is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant U.S. Xpress, Inc. is a Nevada Corporation, headquartered in Tennessee, that transacts business throughout the United States, including this district.

## Jurisdiction & Venue

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim – in particular, Mr. Morgan's receipt of the calls – occurred in this district.

## Statutory Background

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain mass calling practices.

10. Among other things, the TCPA prohibits the use of an artificial or prerecorded voice to make a call to a residential telephone line without the call recipient's prior express consent. 47 U.S.C. § 227(b)(1)(B).

11. According to the FCC, the agency vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation

calls. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1]

## Factual Allegations

### Calls from U.S. Xpress

12. On August 18, 2017, the Plaintiff received an automated call from U.S. Xpress on his residential, cellular telephone line, (XXX) XXX-8433.

13. When Mr. Morgan answered the call, a pre-recorded voice instructed him to "Press 1" to speak to a U.S. Xpress recruiter.

14. Although Mr. Morgan did not press 1 and did not wish to speak to a U.S. Xpress recruiter, he received similar calls on the same phone line on September 6, September 22, and October 3, 2017.

15. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

16. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of all other persons or entities similarly situated throughout the United States.

17. The class of persons Plaintiff proposes to represent include:

> All persons within the United States (a) to whom U.S. Xpress initiated a telephone call, (b) to a residential or cellular telephone line, (c) using an artificial or

---

[1] *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 (¶ 165) (2003).

prerecorded voice, (d) at any time four years before the date this action was commenced through the date of class certification

18. Excluded from the class is the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

19. The proposed class members are identifiable through phone records and phone number databases.

20. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

21. Plaintiff is a member of the class.

22. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to:

    a. Whether the Defendant used an artificial or prerecorded voice to deliver a message to the class members;

    b. Whether the Defendant placed automated or prerecorded calls without obtaining the recipients' valid prior express consent;

    c. Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

23. Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

24. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the

class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

26. The actions of the Defendant are applicable to the class and to Plaintiff.

26. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

27. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

28. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions prohibiting prerecorded calls to residential phones

29. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

30. The Defendant violated the TCPA, either directly or through the actions of others, by using a prerecorded or artificial voice to deliver a message to the Plaintiff's and class members' residential telephone lines. *See* 47 U.S.C. § 227(b)(1)(B).

31. The Defendant's violations were willful and/or knowing.

## Count Two:
## Violation of the TCPA's provisions prohibiting
## prerecorded calls to cellular phones

32. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

33. The Defendant violated the TCPA, either directly or through the actions of others, by using a prerecorded voice to make a call to Plaintiff's and class members' cellular telephone lines. *See* 47 U.S.C. § 227(b)(1)(A).

34. The Defendant's violations were knowing or willful.

## Relief Sought

Plaintiff, on his own behalf and on behalf of the class members, requests judgment against Defendant as follows:

A. That the Court certify the proposed Class;

B. That the Court appoint Plaintiff Class representative;

C. That the Court appoint the undersigned counsel as counsel for the Class;

D. That the Court enter a judgment permanently enjoining the Defendant from engaging in calling campaigns that violate the TCPA;

E. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendant's compliance with the TCPA;

H. That Defendant and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

I. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

6

Case 3:17-cv-00085-NKM-JCH   Document 4   Filed 03/07/18   Page 6 of 7   Pageid#: 18

J.　　　That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

K.　　　That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

						Plaintiff,
						By Counsel,


/s/ Michael B. Hissam
Michael B. Hissam (Va. Bar No. 76843)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
mhissam@baileyglasser.com